NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5560-15T4

CAROL LEONARD, Administrator
Ad Prosequendum and General
Administrator of the Estate
of DEVINE I. NICHOLS, Deceased,
and CAROL LEONARD, Individually,

 Plaintiff-Appellant,

v.

CITY OF NEW BRUNSWICK,

 Defendant-Respondent,

and

COUNTY OF MIDDLESEX, STATE
OF NEW JERSEY,

 Defendants.
——————————————————————————————————————

 Argued October 17, 2017 – Decided November 14, 2017

 Before Judges Hoffman and Gilson.

 On appeal from Superior Court of New Jersey,
 Law Division, Middlesex County, Docket No.
 L-4433-14.

 Alan Roth argued the cause for appellant
 (Bendit Weinstock, PA, attorneys; Mr. Roth and
 Nikhil S. Agharkar, on the briefs).
 Mark D. Mory argued the cause for respondent
 (Dvorak & Associates, LLC, attorneys; Lori A.
 Dvorak, of counsel; Christine Klimczuk, on the
 brief).

PER CURIAM

 Plaintiff Carol Leonard, individually and on behalf of the

estate of her deceased son, Devine Nichols, appeals from the July

22, 2016 Law Division order granting the summary judgment dismissal

of her complaint against defendant, the City of New Brunswick (the

City). Plaintiff seeks to hold the City liable for her son's

accidental drowning based upon its ownership and operation of Boyd

Park, an improved property within the city, under the Tort Claims

Act (TCA), N.J.S.A. 59:1-1 to 12-3. Because we agree with the Law

Division that under the TCA, the City is entitled to immunity from

liability as a matter of law, we affirm.

 This case arises out of tragic facts. We consider these

facts, and all reasonable inferences from them, in the light most

favorable to plaintiff as the responding party on the City's

summary judgment motion. Brill v. Guardian Life Ins. Co. of Am.,

142 N.J. 520, 535 (1995).

 On August 5, 2012, eleven-year-old Devine Nichols accompanied

his older sister to Harvey Park. At around 2:30 p.m., Devine's

sister returned home without him, believing he would remain in

Harvey Park to play soccer. Later that evening, a witness

 2 A-5560-15T4
testified that she was at Boyd Park when she saw Devine and his

friend walking in the middle of the Raritan River, during low

tide. The witness further testified that it began raining heavily

about five minutes after she saw the boys.

 The following day, the dead bodies of Devine and his friend

were found in the river. The medical examiner's officer declared

their deaths an accidental drowning.

 Thereafter, plaintiff filed this wrongful death action

against the City, the County of Middlesex, and the State.1 The

City denied negligence and asserted immunity under the TCA.

Plaintiff submitted an expert report in which the expert opined

that the park created a dangerous condition in not restricting

access to the river. She also faulted the City for failing to

post warning signs concerning the dangers created by "tidal changes

and resulting strong currents." After the parties conducted

discovery, the City moved for, and the trial court granted, summary

judgment. This appeal followed.

 Public entity liability in New Jersey under the TCA is

limited. Polzo v. Cty. of Essex, 209 N.J. 51, 55 (2012).

Generally, a public entity is "immune from tort liability unless

1
 In an October 24, 2014 order, the trial court granted the State's
motion to dismiss with prejudice. Plaintiff and the County of
Middlesex stipulated to a dismissal with prejudice, which the
court filed on April 15, 2016.

 3 A-5560-15T4
there is a specific statutory provision imposing liability."

Kahrar v. Borough of Wallington, 171 N.J. 3, 10 (2002).

 The central issue presented concerns the scope of the City's

immunity under the TCA, which governs damage claims against public

entities. Manna v. State, 129 N.J. 341, 346 (1992). Particularly,

the parties dispute the application of N.J.S.A. 59:4-8, which

immunizes public entities from injuries caused by conditions on

their unimproved public properties. Plaintiff argues Devine was

last seen at Boyd Park, and the City was negligent in failing to

install fences or barricades restricting access from Boyd Park

into the river, or warning signs alerting the public to hazardous

conditions. In opposition, the City contends they are immune from

liability because Devine drowned in the Raritan River, which it

maintains is unimproved.

 Our review of an order granting summary judgement is de novo,

and we must apply the same standards as the trial court under Rule

4:46. See N.J. Div. of Taxation v. Selective Ins. Co., 399 N.J.

Super. 315, 322 (App. Div. 2008) (citing Prudential Prop. & Cas.

Ins. Co. v. Boylan, 307 N.J. Super. 162, 167 (App. Div.), certif.

denied, 154 N.J. 608 (1998)).

 Typically, a public entity may be liable for injuries caused

by a condition on its property if plaintiff establishes:

 4 A-5560-15T4
 (1) that the property was in a dangerous
 condition at the time of the accident, (2)
 that there was proximate cause between the
 injury and dangerous condition, (3) that the
 dangerous condition created a reasonably
 foreseeable risk of the kind of injury that
 was incurred[,] and (4) that the public entity
 had notice in sufficient time to protect
 against the condition or that the condition
 had been created by an act or omission of a
 public employee acting within the scope of his
 [or her] employment.

 [Brown v. Brown, 86 N.J. 565, 575 (1981); See
 also N.J.S.A. 59:4-2.]

N.J.S.A. 59:4-2 also requires a plaintiff to demonstrate that the

public entity's conduct was "palpably unreasonable." See Muhammad

v. N.J. Transit, 176 N.J. 185, 195 (2003).

 The TCA qualifies these liability-imposing principals with

specific immunities, including those set forth in N.J.S.A. 59:4-8

and N.J.S.A. 59:4-9. Both of these immunities cover "unimproved"

public property or waterways. Public property remains unimproved

unless the property has been substantially, physically modified

from its natural state, "and when the physical change creates

hazards that did not previously exist and that require management

by the public entity." Troth v. State, 117 N.J. 258, 269-70

(1989).

 Specifically, N.J.S.A. 59-4:8 mandates that:

 Neither a public entity nor a public employee
 is liable for an injury caused by a condition
 of any unimproved public property, including

 5 A-5560-15T4
 but not limited to any natural condition of
 any lake, stream, bay, river or beach.

 Similarly, N.J.S.A. 59:4-9 provides a related immunity for

injuries caused by the condition of unimproved portions of

"submerged lands" and the "beds of navigable rivers":

 Neither a public entity nor a public employee
 is liable for any injury caused by a condition
 of the unimproved and unoccupied portions of
 the tidelands and submerged lands, and the
 beds of navigable rivers, streams, lakes,
 bays, estuaries, inlets and straits owned by
 the State.

 Our Supreme Court has noted the TCA's unimproved-property

immunity serves "the legislature's avowed purpose of encouraging

the public to use unimproved recreational property at its own

risk." Troth, supra, 117 N.J. at 272. "Underlying these

determinations is the New Jersey Legislature's policy judgment

that the public should be permitted to use unimproved public

property in its natural condition, but under the cloak of

immunity." Kowalsky v. Long Beach Twp., 72 F.3d 385, 388 (3d Cir.

1995).

 Here it is important to first identify the relevant property

in order to determine whether it remains unimproved. Plaintiff

argues the relevant property is Boyd Park because circumstantial

evidence demonstrates Devine was in the park the day preceding his

death, and the park allows "easy access to the Raritan River."

 6 A-5560-15T4
The City counters that the relevant property is the Raritan River,

which caused Devine to drown.

 We measure the relevant property in terms of the accident's

situs. See id. at 389-90. From our review, the record clearly

establishes that the Raritan River caused Devine's death, thereby

making it the relevant property. To hold otherwise would

impermissibly broaden the scope of N.J.S.A. 59:4-8.

 We next turn to whether the Raritan River was improved,

thereby rendering it outside of the scope of N.J.S.A. 59:4-8.

Although plaintiff correctly asserts Boyd Park is an improved

property,2 she fails to demonstrate improvement to the Raritan

River, such that it would qualify as an improved public property.

As the motion judge aptly noted, "the fact that Boyd Park is

improved land in parts does not make the river an improved part

of the property."

 To the extent that Devine's drowning might have been produced,

in part, by the condition of the river bed below the water itself,

N.J.S.A. 59:4-9 separately insulates the City from liability for

such a dangerous condition within "submerged lands." N.J.S.A.

2
 According to the City, "Boyd Park contains a playground,
amphitheater, tow path for jogging, walking and riding, and a boat
dock operated by the County of Middlesex."

 7 A-5560-15T4
59:4-9 therefore provides an additional basis for immunity here,

particularly since no one witnessed the actual drowning.

 Therefore, examining the totality of plaintiff's evidence,

we conclude "a reasonable jury could not find that [Devine's]

accident occurred on property [that] is 'improved' under N.J.S.A.

59:4-8." Kowalsky, supra, 72 F.3d at 390. Plaintiff fails to

demonstrate a disputed genuine issue of material fact.

Accordingly, we affirm the motion court's grant of summary

judgment.

 Affirmed.

 8 A-5560-15T4